## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VINCENT FORRAS
54 Danbury Road
Suite 1776
Ridgefield, CT 06877

and

LARRY KLAYMAN,
2020 Pennsylvania Ave, N.W., Suite 345
Washington, D.C. 20006

                                      Plaintiffs,
vs.

IMAM FEISAL ABDUL RAUF
51/45 Park Place
New York, New York

and

ADAM LEITMAN BAILEY,
120 Broadway, 17th Floor
New York, New York 10271

                                      Defendants.

## COMPLAINT

1. Plaintiffs Larry Klayman and Vincent Forras hereby file this complaint for defamation, false light, assault, and intentional infliction of emotional distress. Jurisdiction is founded on 28 U.S.C. § 1332.  Venue is proper under 28 U.S.C. § 1391(a)(2).

2. Plaintiff Klayman, is an American citizen of Jewish origin, who at all material times does business at 2020 Pennsylvania Ave., N.W. Suite 345 Washington, D.C. 20006 as the Chairman and General Counsel of Freedom Watch.  He resided in the District of Columbia for over 20 years and is a member of the District of Columbia bar and is

widely know and recognized in the District of Columbia, having spent the majority of his adult life there. He reputation is as one of the leading lawyers in the District of Columbia.

3. Plaintiff Klayman represented at all material times Plaintiff Forras, as counsel, in *Vincent Forras, on behalf of himself and all others of and in the City of New York, County of New York, similarly situated v. Feisal Abdul Rauf, and Cardobo* (Index No. 111970/2010). (Hereafter *"Forras v. Rauf").* This lawsuit focused on the defendants' continued efforts to build a Muslim Mosque near Ground Zero, despite its imposing nuisance on Forras, a First Responder to the September 11, 2001 attacks, and the surrounding community. Specifically, defendants' actions and use of their property had substantially and unreasonably interfered with plaintiffs' normal and protected use of their property, rentals, personal and business use of the area in and around Ground Zero. The nature and frequency of harm caused by defendants' actions is continuing in nature.

4. Defendant Feisel Abdul Rauf ("Rauf") was at all material times a defendant in "*Forras v. Rauf*" as a result of the alleged nuisance, negligent and intentional infliction of emotional distress, and assault by his continued endeavors to build a Muslim mosque near the sacred site of Ground Zero. Defendant Rauf has widely published the court pleadings to the Islamic world as well as to the widely disseminated New York Post, which is disseminated in the District of Columbia, nationally, and internationally.

5. Defendant Adam Leitman Bailey ("Bailey") was at all material times counsel for Defendant Rauf, providing representation in *Forras v. Rauf* and has similarly published the court pleadings for wide public circulation, including its wide dissemination in Washington, D.C.

6. The New York Post was at all material times  a print and internet newspaper with national and international publication and viewership, including wide distribution in Washington, D.C. Defendants Rauf and Bailey's statements were thus, widely circulated throughout Washington, D.C.

7. Plaintiff Klayman and Forras engage in activities, personal and professional, which seek to aid peaceful Muslims. Plaintiff Forras' foundation, GearUpFoundation.org, engages in activities in this regard. Plaintiff Klayman, as a publicly known civil and individual rights activist, not only claims as friends on Facebook and in daily life thousands of Muslims, but also has pursued anti-discrimination legal actions on their behalf.

8.  Defendants Rauf and Bailey attacked Plaintiffs Klayman and Forras publicly, denouncing them as "blind, religious bigots" and "Nazis," branding them as "enemies of Islam." Defendants have broadcasted this publicly to the Islamic world in addition to providing their court pleadings to the New York Post, which published an article in both its internet and print editions on October 12, 2010, predictably, given Defendants actions, branding Plaitniffs "blind religious bigots." Defendants, through such publication, and on information and belief other publications, which publications are continuous and ongoing, intended to incite violence against Plaintiffs by radical Muslims.

9.  In Defendant Rauf's "Memorandum of Law in Support of Motion to Dismiss" ("Memo") filed in *Forras v. Rauf,* Defendants falsely branded Plaintiffs as enemies of Islam, stating in pertinent part:

> "Plaintiff's attorney, an infamous publicity hound, has found in Plaintiff the perfect victim, a man who could have comfortably concluded his life as a national hero, as self-described 'first responder' to the greatest national tragedy since Pearly Harbor. Instead, thanks to this wholly frivolous lawsuit, he trades in his well deserved laurels for fifteen minutes of fame as a nationally recognized bigot."

> "His cause and his case have all the rationality of one who would seek to tear down New York City's Chinatown as vengeance for Pearl Harbor on the theory that all Asians are alike."

> "Plaintiff's view is simple. According to him, Islam equates with terrorist…"

> "He has elected to transform himself from America's poster child hero to America's Spokesman of Bigotry…"

> "That the plaintiff in this suit finds Islam unacceptable to him personally is simply irrelevant to the protection which Islam is entitled under the First Amendment…"

> "…we find that Plaintiff has nothing to offer but his bigoted assumption that all Muslims approve terrorist…"

10. Defendant Bailey further states, under oath no less:

"Does a person who suffers a morbid aversion to a particular religion have a cause of action against the construction of a house of worship...?"

"I am an American and profoundly proud to be a citizen of the greatest, most diversely embracing nation the planet earth has ever had in all of its recorded history."

"I am a Jew and profoundly proud to adhere to the nation that brought to Western Civilization the commands to love one's neighbor as oneself and not to oppress the foreigner for we were once strangers in another land."

"I will not let the right to the free exercise of religion be confined by narrowness of vision; and I will not let the right to erect a house of prayer to be torn down by blind bigotry."

"When in the days following an analogous atrocity in 1941 our people marshaled their will and marched off, nobody was an American of this type. We were all united under a single banner pledged to eradicate the very kind of religious intolerance we see in Plaintiff, represented in those years by the Third Reich and those aligned with it."

11. Defendant Rauf and Bailey, conspiring and acting in concert, jointly and severally, broadly publicized these court pleadings by widely broadcasting them to the Islamic world in addition to intentionally and maliciously providing the pleadings to the New York post, which published these statements in its print and internet editions on October 12, 2010, quoting Defendants' statements that Plaintiffs are "blind religious bigots."

12. Defendants' malicious comments were unrelated to the nuisance action filed in *Forras v. Rauf* and are thus not privileged under the "judicial proceedings" qualified immunity for defamation.  Importantly, this case did not attack Islam or the Muslim faith and causes of action plead therein do not hinge on that.

13. Defendants' malicious published statements are ongoing and continuous.

14. Defendants, in effect, have put a de facto Fatwah out on Plaintiffs Forras and Klayman. Plaintiff Klayman and Forras, who are both Jewish, were branded publicly by Rauf (acting in concert with Defendant Bailey), importantly, a Muslim cleric, to the Muslim world as an enemy of Islam in the New York Post, over the internet, and in other publications read by radical Muslims. This was a signal to severely cause bodily harm to, or kill Plaintiff Klayman and Forras, as it signals to such radical Muslims, many of whom reside in Washington, D.C. and throughout the United States, to do so.   The obvious

purpose and motive of Defendants' malicious actions as alleged herein were to provoke radical Muslims to kill and/or seriously harm Plaintiffs so that they could no longer pursue their lawsuit before the Supreme Court of New York to stop the construction and operation of the Mosque built at Ground Zero, and/or coerce, scare and intimidate Plaintiffs to withdraw the suit. It was also meant to scare Plaintiffs and "innocent" third parties that they should not challenge the actions of radical Muslims in New York City, the United States and around the world. In effect, the actions of Defendants constitute forms of psychological and actual terrorism.

## COUNT I-DEFAMATION

15. Plaintiffs Klayman and Forras reallege and reaver the allegations of paragraph 1 through 14 of this complaint as if fully set forth herein.

16. As set forth above, Defendants, jointly and severally, made false, misleading and defamatory statements about Plaintiffs, published these statements to third parties, the Defendants statements were made with malice and at least were negligent, and these statements are actionable as a matter of law irrespective of special harm, but indeed did cause Plaintiffs, each and every one of them, special harm.

17. Plaintiffs sustained and pray for actual and compensatory monetary damages to compensate them for the loss of reputation as a result of Defendants' actions, plus punitive damages and attorneys fees and costs and such other relief as this court may deem just and proper.

## COUNT II-FALSE LIGHT

18. Plaintiffs Klayman and Forras reallege and reaver the allegations of paragraph 1 through 17 of this complaint as if fully set forth herein.

19. As set forth, Defendants' misleading and false statements and related actions were outrageous and admittedly held Plaintiffs up for extreme ridicule in their respective communities, which includes the District of Columbia.

20. These severely damaged Plaintiffs Klayman and Forras.

21. Plaintiffs Klayman and Forras sustained and pray for actual and compensatory damages for the damage to their reputation, plus punitive damages and attorneys fees and such other relief as this court may deem just and proper.

## COUNT III-ASSAULT

22. Plaintiffs incorporate paragraphs 1 through 21 of this Complaint as if fully alleged herein.

23. Defendants' actions and decisions to publicly disseminate court pleadings and making other published statements branding Plaintiffs as "enemies of Islam" and Nazis" to the Islamic world as well as the New York Post, which published the statements appeared in their print and internet editions, and on information and belief other publications, where intended to incite violence against Plaintiffs Klayman and Forras. In effect, by labeling Plaintiffs as "bigots," "enemies of Islam," and "Nazis," then proceeding to publish these statements to radical Muslims, Defendants put a de facto Fatwah on Plaintiffs.

24. The acts or circumstances of Defendants' actions are such that they have caused Plaintiffs reasonable apprehension of immediate bodily harm and/or death, and in fact both have been threatened.

25. As a direct and proximate result of Defendants' assault, Plaintiffs have suffered damages in the form of severe and permanent injury, causing emotional distress as a result of fearing the violent conduct of radical Muslims as a result of Defendants incitement.

26. Defendants intentional acts, directly and proximately causing reasonable apprehension of immediate bodily harm and/or death, justifies the award of punitive and exemplary damages in the sum to be ascertained by the trier of fact.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiffs incorporate paragraphs 1 through 26 of this Complaint as if fully alleged herein.

28. Defendants acted intentionally and recklessly in publicly disseminating court pleadings to the New York Post as well as the Islamic world, through other publications that are continuous, particularly when they were aware of the emotional trauma and damage this would result to Plaintiffs by effectively putting a de facto Fatwah on Plaintiffs. By

publicly branding Plaintiffs as "enemies of Islam" and "Nazis" and circulating these statements specifically to Muslim radicals, Defendants acted intentionally and recklessly to create a threat to Plaintiffs, inflicting psychological terror particularly given Plaintiff Klayman's identifiable public persona as a "Zionist" and strong supporter of Israel and Plaintiff Forras' status as a First Responder and prior emotional trauma (See *Forras v. Rauf*).

29. Defendants' conduct as described in this Complaint was and is extreme and outrageous.

30. Defendants' conduct as described in this Complaint has caused Plaintiffs severe emotional and physical distress.

31. Plaintiffs allege that the conduct of Defendants named in this complaint was and is malicious, oppressive and done for the purpose of injuring Plaintiffs or with reckless disregard of the consequences to Plaintiffs, and justifies the award of punitive and exemplary damages in the sum to be ascertained by the trier of fact.

WHEREFORE, Plaintiffs pray, as to each of the counts set forth above, for actual and compensatory damages in excess of $50,000, 000.00 USD and punitive damages in excess of $80,000,000.00, attorneys fees and costs, and such other relief as this court may deem just and proper including but not limited to injunctive and other equitable relief to cease and desist from the de facto Fatwah toward Plaintiffs, against each of the Defendants, Rauf and Bailey, jointly and severally.

Plaintiffs pray for a trial by jury on all issues so triable.

Respectfully Submitted,

Larry Klayman, Esq.
D.C. Bar No.: 334581
2020 Pennsylvania Ave., N.W. Suite 345
Washington, D.C. 20006