# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VINCENT FORRAS AND LARRY KLAYMAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**IMAM FEISAL ABDUL RAUF AND ADAM BAILEY,**<br><br>Defendants. | **Civil Action No. 12-282**<br><br>**MEMORANDUM OPINION HOLDING DEFENDANTS' SUPPLEMENTAL MOTION FOR ATTORNEY FEES IN ABEYANCE AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND DISCOVERY** |

Defendants Imam Feisal Abdul Rauf and Adam Bailey ("Defendants") bring this supplemental motion for attorney fees. (Doc. No. 15). Plaintiffs Vincent Forras and Larry Klayman ("Plaintiffs") oppose the motion on the merits and also move this Court to hold the attorney fees motion in abeyance pending the outcome of Plaintiffs' appeal. (Doc. No. 21 at 2). Plaintiffs further move for discovery regarding the amount of billable hours spent on this matter. (*Id.*). Plaintiffs have also moved this Court to reconsider its April 18, 2014 order that granted Defendants' special motion to dismiss. (Docs. No. 22 and 23). Upon careful consideration of the parties' briefs, submissions, and exhibits, the Court will GRANT Plaintiffs' motion to hold the motion for attorney fees in abeyance, DENY the motion for discovery, and DENY the motion for reconsideration.

I. BACKGROUND

The factual and procedural background of this case is set out in considerable detail in this Court's previous ruling. *See Forras v. Rauf*, No. CV 12-00282 (BJR), 2014 WL 1512814 (D.D.C. Apr. 18, 2014). The Court will only briefly recite the relevant background here.

1

On October 12, 2011, Plaintiffs filed an action against Defendants in D.C. Superior Court ("D.C. Superior Court action"). *See Vincent Forras & Larry Klayman v. Iman Feisal Abdul Rauf & Adam Leitman Bailey,* 2011 CA 0008122 B (D.C. Super. Aug. 7, 2012). The D.C. Superior Court action alleged, among other things, that Defendants made defamatory statements against Plaintiffs. (*Id.*). On February 21, 2012, Plaintiffs filed a Notice of Dismissal in D.C. Superior Court. (*Id.*).

That same day, Plaintiffs commenced the present action in federal court, alleging nearly identical claims and facts. (Doc. No. 1). On April 18, 2014, this Court granted Defendants' special motion to dismiss the federal action pursuant to the Anti-SLAPP Act. (Doc. No. 14 at 17). The Court's order held that it retained jurisdiction to consider the question of attorney fees. (*Id.*).

On May 9, 2014, Defendants moved for an award of attorney fees. (Doc. No. 15). Defendants seek fees for litigating both the federal action and the related D.C. Superior Court action. On May 16, 2014, Plaintiffs appealed the Court's ruling to the United States Court of Appeals for the D.C. Circuit, where the matter is pending. (Doc. No. 16). On June 27, 2014, Plaintiffs moved for reconsideration of the Court's ruling and for discovery as to the attorney fees motion. (Docs. No. 22, 23). Plaintiffs also moved the Court to "stay the question of attorney fees awaiting appeal." (Doc. No. 21 at 2).

II. <u>MOTION FOR ATTORNEY FEES</u>

Defendants seek an award of $103,209.35 in attorney fees following the Court's April 18, 2014 order granting their special motion to dismiss. As indicated supra, Plaintiffs have appealed the Court's ruling, and this matter is currently pending before the D.C. Circuit. According to Plaintiffs, the Court should refrain from ruling on the attorney fees motion until the D.C. Circuit

rules on Plaintiffs' appeal. The Court will do so. Under Local Civil Rule 54.2(b), this Court has the discretion to determine "whether, in the interest of justice, the fee issues . . . should be considered or be held in abeyance pending the outcome of the appeal." *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). For the reasons set forth below, the Court finds that it is in the interests of justice and judicial economy to hold the motion for attorney fees in abeyance.

Here, Plaintiffs have not shown a high likelihood of success on the merits, especially in light of the D.C. Circuit's recent ruling in *Doe No. 1 v. Burke,* 91 A.3d 1031 (D.C. 2014). However, Plaintiffs have asserted that an improper award of attorney fees would impose irreparable harm on Plaintiffs, especially Plaintiff Forras who is a retired firefighter. (Doc. No. 21 at 6). In contrast, Defendants have not claimed that a delay in the award of fees will cause irreparable harm. In fact, a large portion of Defendants' attorney fees are attributable to work performed by Defendant Bailey's law firm. (Doc. No. 21 at 15). Furthermore, even if the decision is upheld on appeal, the Court will likely face another motion for attorney fees related to the cost of the appeal process. Such a motion would raise issues similar to those in the present motion for attorney fees, i.e., the propriety of awarding fees to a defendant's law firm, the appropriate hourly rate for work performed by attorneys not licensed in the forum, and the billing practices of Defendants' attorneys following the Court's April 18, 2014 order. Therefore, much of the subsequent analysis would be duplicative. Accordingly, the Court will exercise its discretion and hold the motion for attorney fees in abeyance pending the D.C. Circuit's mandate.

III.     MOTION FOR DISCOVERY

Plaintiffs seek discovery regarding the number of hours spent by Defendants' lawyers on various motions and legal research tasks. (Doc. No. 21 at 8). Defendants already furnished this information in connection with the motion for attorney fees. Plaintiffs provide no explanation as to what documents or depositions they would seek to discover. The Court denies this motion.

IV.     MOTION FOR RECONSIDERATION

Defendants contend that the Court does not have jurisdiction to hear the motion for reconsideration because the motion was filed after Plaintiffs entered the Notice of Appeal. (Doc. No. 25 at 3). The Court agrees. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).[1] Here, Plaintiffs appealed the Court's April 18, 2014 order and opinion to the United States Court of Appeals for the D.C. Circuit on May 16, 2014. (Doc. No. 16). On June 27, 2014, over one month later, Plaintiffs moved for reconsideration. Accordingly, the Court does not have jurisdiction to rule on the motion for reconsideration.

---

[1] Plaintiffs assert that this principle also deprives the Court of jurisdiction over the Motion for Attorney Fees. The Court disagrees. The Notice of Appeal relates only to the Court's April 18, 2014 order. Moreover, the Notice of Appeal was filed after the Motion for Attorney Fees.

V.    CONCLUSION

For the reasons set forth above, the Court will GRANT Plaintiffs' motion to hold the attorney fees motion in abeyance pending the D.C. Circuit's mandate in this matter. The Court will DENY Plaintiffs' motions for reconsideration and discovery. An Order consistent with this Memorandum Opinion will be separately and contemporaneously issued on this same day, November 6, 2014.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE