**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VINCENT FORRAS AND LARRY KLAYMAN., <br><br> **Plaintiffs,** <br><br> v. <br><br> IMAM FEISAL ABDUL RAUF AND ADAM BAILEY, <br><br> **Defendants.** | Civil Action No. 12-282 <br><br> MEMORANDUM OPINION DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES |

Defendants Feisal Abdul Rauf and Adam Bailey move for an award of attorney's fees in this civil action brought by Plaintiffs Vincent Forras and Larry Klayman. Plaintiffs oppose and move for discovery regarding the number of billable hours claimed by Defendants. Because the Court finds that an award of attorney's fees would not be appropriate under the District of Columbia's Anti-SLAPP Act; 18 U.S.C. § 1927; or this Court's inherent power to sanction parties, Defendants' Motion will be denied.

I.  Factual and Procedural Background

This case arises from statements made by Defendants as part of a court filing in a New York State lawsuit brought by Plaintiffs to challenge Defendants' plan to build a mosque near the site of the September 11, 2001 terrorist attacks. See Compl., ECF No. 1, ¶ 9. Plaintiffs first brought their claims in D.C. Superior Court on October 12, 2011, alleging that statements made by Defendants in their New York court filing constituted defamation, false light, assault, and intentional infliction of emotional distress. See Mot. to Stay, Ex. 1, ECF No 2-1, at 2–9. Defendant Bailey responded by moving to dismiss the claims. Mot. to Dismiss, ECF No. 8-1, at 8. After receiving several extensions of time to file an opposition, Plaintiffs brought this

1

identical case in federal court and moved for dismissal of the D.C. Superior Court action.  Id.  Defendants moved to dismiss the federal court claims, arguing, among other things, that this Court lacked personal jurisdiction over Defendants and that Plaintiffs' claims should be dismissed under the District of Columbia's Anti-SLAPP Act, D.C. Code § 16-5501 et seq.  Id. at 11–13, 16–18.  Defendants also asked the Court to award attorney's fees under the Anti-SLAPP Act; 18 U.S.C § 1927; and the Court's inherent authority to sanction abuse of the judicial process.  Id. at 21.

On April 18, 2014, this Court granted Defendants' Motion to Dismiss, concluding that dismissal was appropriate under the Anti-SLAPP Act.  See Memorandum Opinion, Apr. 18, 2014, ECF No. 14.  Plaintiffs appealed.  Defendants' Motion for Attorney's Fees was held in abeyance pending the appeal.  See Mem. Op., Nov. 6, 2014, ECF no. 29.  On appeal, the D.C. Circuit concluded that this Court lacked personal jurisdiction over Defendants and affirmed dismissal on that basis.  See Forras v. Rauf, 812 F.3d 1102, 1105 (D.C. Cir. 2016).  Defendants' Motion for Attorney's Fees is now ripe for consideration, and this Court retains jurisdiction to consider the Motion.  See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990).

II.     Discussion

The "American Rule" dictates that parties shall bear their own litigation costs, unless a statute or rule instructs otherwise.  Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).  Defendants claim that an award of attorney's fees is appropriate under D.C.'s Anti-SLAPP Act; 18 U.S.C. § 1927; and this Court's inherent power to sanction abuses of the litigation process.  Because the Court finds that the requirements for awarding attorney's fees under these respective sources of authority have not been met, Defendants' Motion will be denied.

A. Anti-SLAPP Act

D.C.'s Anti-SLAPP Act is aimed at preventing "strategic lawsuits against public participation." See D.C. Code § 16-5501 et seq. Under this statute, a party can bring a special motion to dismiss "any claim arising from an act in furtherance of the right of advocacy on issues of public interest." D.C. Code § 16–5502. If a defendant prevails on such a motion, in whole or in part, a court may award the moving party costs, including attorney's fees. Id. § 16–5504. Defendants have moved for attorney's fees under this provision.

Although this Court granted Defendants' special motion to dismiss under the Anti-SLAPP Act, the D.C. Circuit subsequently ruled that the Court lacked personal jurisdiction over Defendants. See Forras v. Rauf, 812 F.3d 1102, 1105 (D.C. Cir. 2016). "[A]bsent jurisdiction the court lacks the authority to decide the case on any other grounds." Am. Farm Bureau v. U.S. E.P.A., 121 F. Supp. 2d 84, 91 (D.D.C. 2000). Thus, the effect of the D.C. Circuit's ruling was to vacate this Court's grant of Defendants' special motion to dismiss under the Anti-SLAPP Act. As such, Defendants have not "prevailed" on their special motion dismiss, and they are not entitled to attorney's fees under § 16–5504.

B. 18 U.S.C. § 1927 and Equitable Power to Sanction

Defendants also argue that the Court should award attorney's fees under 18 U.S.C. § 1927 and the Court's equitable power to sanction parties for judicial misconduct. Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 18 U.S.C. § 1927. For the Court to award costs under this provision, "'evidence of recklessness, bad faith, or improper motive

must be present.'" LaPrade v. Kidder Peabody & Co., 146 F.3d 899, 906 (D.C. Cir. 1998) (quoting Travelers Ins. v. St. Jude Hosp. of Kenner, La., 38 F.3d 1414, 1416–17 (5th Cir.1994)).

In a similar vein, courts have, in limited circumstances, inherent power to sanction abuse of the litigation process, including authority to order parties to pay attorney's fees. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). As relevant here, the Court may award fees if it finds that a party has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. at 45–46 (quoting Alyeska, 421 U.S. at 258–259). "Because of their very potency," however, "inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44.

Defendants argue that the conduct of Plaintiffs—particularly Klayman, who acted as both a plaintiff and attorney in this case—merits sanctions under § 1927 and the Court's equitable powers. Defendants argue that Plaintiffs' claims are meritless and that Plaintiffs, having failed to succeed in the New York litigation, brought this suit for the purpose of increasing Defendants' litigation burden. Further, Defendants argue that Plaintiffs unnecessarily multiplied the proceedings by filing suit in D.C. Superior Court, requesting extensions of time to respond to Defendants' Motion to Dismiss in that action, and then moving to dismiss that suit and refiling in federal court.

The Court cannot conclude on the basis of these facts that Plaintiffs acted with the requisite bad faith, recklessness, or improper motive so as to merit sanctions under either § 1927 or this Court's inherent authority. Although, as this Court previously concluded, Plaintiffs have not demonstrated a likelihood of success on the merits, see ECF No. 14 at 10–11, the evidence that Plaintiffs brought this suit in bad faith, for the sole purpose of harassment, is lacking. Further, it is not at all clear that Plaintiffs' decision to dismiss the state court action and file in federal court was the product of an improper motive. Defendants concede that refiling the case

in federal court could have benefitted Plaintiffs in light of then-District Judge Wilkins' decision in <u>3M Co. v. Boulter</u>, 842 F. Supp. 2d 85, 88 (D.D.C. 2012), which held that the Anti-SLAPP Act does not apply in federal court.  <u>See</u> Mot. to Dismiss at 8–9.  Thus, it appears that that Plaintiffs' motive in bringing the federal action was to gain a tactical advantage, not to "unreasonably and vexatiously" multiply the proceedings.  Further, although Defendants cite many instances in which Klayman has clearly pursued sanctionable conduct in other courts and has, on multiple occasions, been sanctioned, this Court may consider only the case before it.  Based on the facts and arguments in Defendants' Motion, the Court cannot conclude that Plaintiffs acted with recklessness, bad faith, or improper motive.  As such, Defendants' request for attorney's fees pursuant to § 1927 and the Court's equitable authority will be denied.

### C.  CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion for Attorney's Fees is DENIED.  Further, Plaintiffs' Motion for Discovery is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: September 22, 2016

*Barbara J. Rothstein*

UNITED STATES DISTRICT JUDGE
BARBARA J. ROTHSTEIN